# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Jeffrey Metcalf      )<br>     *Plaintiff*      )<br>             )<br>v.              )<br>             )<br>General Information Services, Inc.   )<br>     *Defendant*      )<br>Serve:          )<br>      CT Corporation System   )<br>      306 W. Main Street   )<br>      Suite 512      )<br>      Frankfort, KY 40601   )<br>             ) | Case No.  3:16CV-322-JHM |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1.      This is a complaint for damages for Defendant General Information Services, Inc. ("GIS")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Like many of his fellow Americans, Plaintiff Jeffrey Metcalf was hurt by the great economic recession that began in 2008. As a result of the economic crisis, Mr. Metcalf fell behind and defaulted on some of his personal credit card debts. Asset Acceptance, LLC, a third-party debt buyer, purchased one of Mr. Metcalf's defaulted debts and sued Mr. Metcalf in Kentucky state court in an attempt to collect the debt. Mr. Metcalf entered into an agreed judgment with Asset Acceptance to pay off the debt. Mr. Metcalf quickly paid off the judgment in full and Asset Acceptance filed a notice of satisfaction of judgment in the case on January 31, 2013.

3.      Mr. Metcalf is an insurance broker. The ability to sell certain and varied lines of insurance is vital to his career and livelihood. After paying off the Asset Acceptance judgment, Mr. Metcalf made application to open a new business with the important insurance carrier.  As part of the application process Mr. Metcalf completed an application that asked him *inter alia* "Is there now any unsatisfied judgment against you…or any of your property?" Mr. Metcalf responded in the negative but when the insurance carrier ran a background check on Mr. Metcalf through GIS, the report incorrectly showed that the Asset Acceptance debt was still outstanding and the judgment remained unsatisfied.  As a result, Mr. Metcalf almost lost the right and ability to write insurance for the insurance carrier.

-2-

4.      As a result of the inaccurate credit information published by GIS in recklessly failing to accurately report the public record information concerning Mr. Metcalf and the satisfied Asset Acceptance judgment, Mr. Metcalf suffered humiliation, emotional distress, upset, loss of time at work, and out-of-pocket expenses in correcting and explaining GIS's error.

## JURISDICTION AND VENUE

5.      Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

6.      Plaintiff Jeffrey Metcalf is a natural person who resides in Jefferson County, Ky. Mr. Metcalf is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

7.      Defendant General Information Services, Inc. ("GIS") is a foreign corporation, with its principal place of business located at P.O. Box 353, Chapin Road, Chapin, SC 29036. GIS has registered to do business with Kentucky Secretary of State. GIS is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

8.      As a result of the great economic recession of 2008, Mr. Metcalf suffered economic harm and loss through no fault of his own.

9.      Mr. Metcalf's financial woes caused him to fall behind and default on some of his debts and obligations.

10.     Asset Acceptance, LLC, a third-party junk debt buyer, purchased one of Mr. Metcalf's defaulted debts and sued him in state court to collect the debt from him.

11.     At the time of the state-court collection lawsuit, Mr. Metcalf's financial condition had much improved.

12.     After he was served with the summons and complaint, Mr. Metcalf reached a settlement with Asset Acceptance, which resulted in entry of an agreed judgment in the case.

13.     Mr. Metcalf quickly paid off the judgment in full.

14.     Asset Acceptance filed a notice of satisfaction that was filed of record in the case on January 31, 2013.

15.     The filed notice of satisfaction is a public record that is freely and readily available to all.

16.     Mr. Metcalf is an insurance salesman. In order to maintain and earn a living, he has to be approved by insurance companies for the right to sell their insurance policies.

17.     In January 2016, Mr. Metcalf filled out and submitted an application to write insurance policies with an insurance carrier.

18.     The insurance carrier's application asked Mr. Metcalf *inter alia* "Is there now any unsatisfied judgment against you…or any of your property?" to which Mr. Metcalf answered in the negative.

19.     The insurance carrier ran a background check on Mr. Metcalf through GIS.

20.     Mr. Metcalf almost lost the right and ability to write any insurance policies with the insurance carrier, *i.e.* his ability to earn a living, when GIS's report came back falsely reporting that Mr. Metcalf had an outstanding unsatisfied judgment dated December 2012.

21.     According to GIS's official website:

> GIS is one of the oldest and largest background screening providers in the nation. Originally founded to provide screening services to the insurance industry, GIS expanded dramatically once purchased by Raymond Conrad in 1996. Under Ray's guidance as Owner and CEO, GIS has become one of the fastest growing technology companies in the nation. We provide our solutions to some of the world's largest employers, helping them hire better employees every day.[1]

22.     GIS admittedly supplies background screening for employment purposes.

23.     The background check that GIS ran on Mr. Metcalf was run for employment purposes within the meaning of the FCRA.

24.     The background check that GIS ran on Mr. Metcalf was a "consumer report" within the meaning of the FRCRA.

25.     The reporting of the agreed judgment with Asset Acceptance, LLC as unsatisfied was inaccurate and in violation of the FCRA, 15 U.S.C. § 1681e(b). In so doing GIS failed to

---

[1]http://www.geninfo.com/our-company.asp (visited May 24, 2016).

follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Metcalf's credit reports and credit files it publishes and maintains concerning Mr. Metcalf.

26.     If GIS had reasonable procedures in place, it would have discovered that Asset Acceptance, LLC had filed a notice of satisfaction *before* publishing Mr. Metcalf's credit report to its subscribers and users of its consumer reports in connection with Mr. Metcalf's application to the insurance carrier.

27.     GIS failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Metcalf and the satisfied Asset Acceptance, LLC agreed judgment.

28.     The reporting of the agreed judgment as unsatisfied was inaccurate in violation of the FCRA, 15 U.S.C. § 1681k(a). GIS failed to follow maintain strict procedures designed to insure that whenever public record information, which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, the public record information is complete and up to date. If GIS had maintained strict procedures, it would have discovered that Asset Acceptance, LLC's had filed a notice of satisfaction *before* publishing Mr. Metcalf's credit report to its subscribers and users of its consumer reports in connection with Mr. Metcalf's application to the insurance carrier.

29.     GIS failed to maintain strict procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Metcalf and the satisfied Asset Acceptance, LLC agreed judgment.

16.     As a result of GIS's violation of the FRCA, Mr. Metcalf suffered lost wages through lost work opportunities, *i.e.* time taken away from his work to correct and explain GIS's errors, out-of-pocket expenses, mental and emotional pain and anguish and the humiliation and embarrassment of having to explain and correct GIS's error in reporting false credit information on his consumer report.

## CLAIMS

I.     **Violation of 15 U.S.C. § 1681e**

30.     Plaintiff Jeffrey Metcalf restates each of the allegations in the preceding paragraphs as if fully set forth herein.

31.     GIS violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it published to the insurance carrier who used Mr. Metcalf's consumer report for employment purposes.

32.     GIS's conduct, actions and inactions were willful, rendering GIS liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. GIS was on clear notice that the failure to update public records with respect to judgments was problematic for GIS. Other lawsuits raising the same issue has been filed against GIS in this and other jurisdictions for the same failure.

33.     In the alternative, GIS's conduct, actions and inactions were negligent or reckless, rendering GIS liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II.     Violation of 15 U.S.C. § 1681k

34.     Plaintiff Jeffrey Metcalf restates each of the allegations in the preceding paragraphs as if fully set forth herein

35.     GIS has a statutory duty to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a).

36.     GIS failed to use strict procedures to report the current status of the Asset Acceptance agreed judgment in the public record section of Mr. Metcalf's consumer report that GIS furnished to the insurance carrier which requested and used Mr. Metcalf's GIS consumer report for employment purposes.

37.     GIS willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681k(a).

38.     As a result of GIS's willful noncompliance with the requirements of 15 U.S.C. § 1681k(a), Mr. Metcalf is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

39.     As a result of GIS's negligent noncompliance with the requirements of 15 U.S.C. § 1681k(a), Mr. Metcalf is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jeffrey Metcalf requests that the Court grant him the following relief:

1.     Award the maximum amount of statutory damages under 15 U.S.C. §1681n;

2.     Award Plaintiff Attorney's fees, litigation expenses and costs;

3.      Award Plaintiff actual damages under 15 U.S.C. §1692n or, in the alternative, under 15 U.S.C. § 1681o;

4       Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5.      A trial by jury; and

6.      All other relief which the court may deem Plaintiff entitled.


                              Respectfully submitted,

                              /s/ James H. Lawson
                              **James H. Lawson**
                              *Lawson at Law, PLLC*
                              115 S. Sherrin Avenue, Suite #4
                              Louisville, KY 40207
                              Tel:    (502) 473-6525
                              Fax:    (502) 473-6561
                              james@kyconsumerlaw.com


                              James R. McKenzie
                              *James R. McKenzie Attorney, PLLC*
                              115 S. Sherrin Avenue, Suite 4
                              Louisville, KY 40207
                              Tel:    (502) 371-2179
                              Fax:    (502) 257-7309
                              jmckenzie@jmckenzielaw.com